UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ANTHONY JEROME STOKES,            )
                                  )
      *Petitioner,*               )         No. 1:05-cv-286
v.                                )         *Edgar*
                                  )
JIM WORTHINGTON, WARDEN,          )
                                  )
      *Respondent.*               )

**MEMORANDUM**

The Court has received a petition for writ of habeas corpus under 28 U.S.C. § 2254 from Anthony Jerome Stokes ("Stokes"). Stokes pleaded guilty to one charge of first degree murder and one charge of second degree murder in Hamilton County Criminal Court, on or about June 15, 1995. Stokes received a consecutive sentence of thirty years and life. Stokes requests an evidentiary hearing and for this Court to grant his habeas petition.

This is Stokes's second petition for federal habeas corpus relief challenging his 1995 convictions and sentences for first-degree murder and second-degree murder. In his first habeas corpus petition Stokes claimed that a couple of years after his state conviction became final, he and the state entered into a subsequent agreement to reduce his consecutive sentences to concurrent sentences in exchange for his testimony at a co-defendant's trial. Stokes claimed he testified in his co-defendant's trial pursuant to the subsequent agreement, but the state and the state court breached the agreement and failed to reduce his sentence. Petitioner's first petition for federal habeas corpus relief was dismissed. *Anthony J. Stokes v. James A. Bowlen, Warden,* Civil Action

1

No. 1:02-cv-64 (E.D. Tenn. 2003).

The Antiterrorism and Effective Death Penalty Act, effective April 24, 1996, requires a petitioner to obtain permission in the United States Court of Appeals for the Sixth Circuit for an order authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3); *also see Lyons v. Ohio Adult Parole Authority,* 105 F.3d 1063, 1066 (6th Cir. 1997). When a petitioner files a second or successive petition for habeas corpus relief in the district court without § 2244(b)(3) authorization from the Sixth Circuit Court of Appeals, this Court must transfer the documents(s) pursuant to 28 U.S.C. § 1631. *See In re: Sims v. Terbush,* 111 F.3d 45, 47 (6th Cir. 1997). This Court has not received an order from the Sixth Circuit authorizing the Court to consider the pending petition. Accordingly, the Clerk will be **DIRECTED** to **TRANSFER** this action to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631. *In re: Sims v. Terbush,* 111 F.3d at 47.

An order will enter.

                                        */s/ R. Allan Edgar*
                                        R. ALLAN EDGAR
                              UNITED STATES DISTRICT JUDGE